UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JAMES STELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 7:22-cv-00020-KKC-MAS |
| | ) | |
| BELINDA SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

Plaintiff James Stell ("Stell"), proceeding pro se, has filed a motion to compel discovery from Defendant Belinda Sanchez ("Sanchez") as well as to seek an extension of time for discovery. [DE 23]. In response, Sanchez admits she has not responded to discovery. [DE 23, Page ID# 202]. Yet, she counters that Stell has not followed local practice meaning his motion to compel must be denied. [*Id*. at 202-203]. As to the request for an extension, Sanchez has no objection. [*Id*. at Page ID# 203].

Initially, Sanchez's concerns are fair. At the outset, the Court observes that Stell has failed to communicate with and certify any efforts to resolve this discovery dispute without Court involvement. *See* FED. R. CIV. P. 37(a)(1) (requiring, as a predicate to filing a motion to compel, the movant certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); LR 37.1. *Cf. Gray v. Cox*, No. 2:14-CV-01094, 2016 WL 4367236, at *2 (D. Nev. Aug. 12, 2016) (emphasizing that "[a]lthough the format of the meet-and-confer process changes [where one party is pro se], the substantive requirement remains the same—the parties must conduct personal, two-way communication to attempt to resolve their disputes without judicial intervention" via

telephone or exchange of letters).  Because there is no indication that Stell communicated with Sanchez concerning the instant dispute in compliance with with Rule 37 or LR 37.1, Stell's motion to compel is premature and denial would be appropriate on that basis.

However, the Court also recognizes that Sanchez fully admits she has not timely responded to sought interrogatories.  Sanchez notes that her delay in responding is due to her medical complications as well as the busy caseload of her counsel.  She "is still actively engaged in gathering discovery responses and information."  [DE 25, Page ID# 203].  Moreover, Sanchez does not oppose an extension of time to permit her to make the necessary discovery responses.

Accordingly, being fully advised, the Court **ORDERS** that Stell's Motion to Compel Discovery and for an Extension of Time [DE 23] is **DENIED IN PART, GRANTED IN PART**. Because Stell has failed to comply with Rule 37 or LR 37.1, Stell's motion to compel discovery is **DENIED**.  However, the Court will **GRANT** Stell's request for an extension of time.  The Court's prior scheduling order [DE 20] is modified to require that fact discovery [DE 20, ¶ 2] and expert discovery [DE 20, ¶ 5] be concluded by November 30, 2022.  All other deadlines set forth in the scheduling order shall remain in effect.

Entered this the 4th day of November, 2022.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY